# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE SMITH, | Case No. 1:25-cv-00201-JLT-SKO |
| Plaintiff, | **ORDER VACATING HEARING AND GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| v. | (Doc. 12) |
| JOHN CHRISTNER TRUCKING, LLC, | |
| Defendant. | |

## I. INTRODUCTION

On December 23, 2024, Plaintiff Jacqueline Smith ("Plaintiff") filed a complaint in Fresno County Superior Court against Defendant John Christner Trucking, LLC ("Defendant") for gender discrimination, retaliation, and wrongful termination under California law. (Doc. 1-2 at 6–20.) Defendant removed the action to this Court based on diversity jurisdiction on February 14, 2025. (Doc. 1.)

On August 27, 2025, Plaintiff filed a motion for leave to file a first amended complaint. (Doc. 12.) Defendant filed a notice of non-opposition to the motion on September 9, 2025. (Doc. 14.) Plaintiff's motion is therefore deemed unopposed.

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. *See* E.D. Cal. Local Rule 230(g). Accordingly, the previously scheduled hearing set on October 8 2025, will be vacated. For the reasons set forth below, Plaintiff's unopposed motion will

be granted.[1]

## II.  LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2). The Court is to apply this policy of granting leave with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).  The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend.  *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052.  The burden to demonstrate prejudice falls upon the party opposing the amendment.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## III.  DISCUSSION

Plaintiff seeks to amend the complaint to add a cause of action for violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*. (the "Unruh Act"), based on the same facts underlying the existing claims.  Given the lack of opposition, the Court finds that granting Plaintiff leave to

---

[1] A "magistrate judge's decision to grant a motion to amend is not generally dispositive; whether the denial of a motion to amend is dispositive is a different question entirely. Just as 'it is of course quite common for the finality of a decision to depend on which way the decision goes,' so the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome." *Bastidas v. Chappell*, 791 F.3d 1155, 1164 (9th Cir. 2015) (quoting *Bullard v. Blue Hills Bank,* 135 S. Ct. 1686, 1694 (2015)). Any party may seek reconsideration of this order by the district judge within fourteen days of the issuance of this order.  *See* Rule 303 of the Local Rules of the United States District Court, Eastern District of California ("Local Rules").

1  amend would not prejudice Defendant.[2] There is also no evidence the motion was brought in bad
2  faith, nor does it produce undue delay in the litigation, as the motion was filed before any scheduling
3  conference has been held or scheduling order has been entered in this case. *Cf. Davis v. Powell*,
4  901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012) (Undue delay is "delay that prejudices the nonmoving
5  party or imposes unwarranted burdens on the Court.") (citation and quotation marks omitted).
6  Moreover, there is no reason to believe that the proposed amendment is futile: while the Unruh Act
7  does not impose liability on employment relationships, *see Johnson v. Riverside Healthcare Sys.,*
8  *LP*, 534 F.3d 1116, 1126 (9th Cir. 2008), Rule 8(d) of the Federal Rules of Civil Procedure expressly
9  permits the pleading of alternative and inconsistent claims. *See Radentz v. Am. Ass'n of Physician*
10 *Specialists, Inc.*, No. EDCV 13-01486 SJO (OPx), 2014 WL 12601013, at *6 (C.D. Cal. Aug. 18,
11 2014) (permitting amendment of claims under both the Unruh Act and employment discrimination
12 law) (citing Fed. R. Civ. P. 8(d)(2)–(3)). *See also MMMT Holdings Corp. v. NSGI Holdings, Inc.*,
13 No. C12-1570RSL, 2013 WL 12191346, at *3 (W.D. Wash. Aug. 12, 2013) (declining to find
14 futility and permitting amendment of "alternative claims regardless of consistency.").

15  Consequently, finding that none of the foregoing factors weighs against granting Plaintiff
16 leave to amend, and given that the motion is unopposed, the Court deems leave to amend
17 appropriate. *See, e.g., J.M. v. Cty. of Stanislaus*, Case No. 1:18-cv-01034-LJO-SAB, 2019 WL
18 1046254, at *2–3 (E.D. Cal. Mar. 5, 2019) (concluding that leave to amend was warranted in light
19 of the defendant's non-opposition to the motion and reasonable explanation for the amendment);
20 *Austin v. W. Concrete Pumping, Inc.*, Case No. 17-cv-2363-AJB-MDD, 2018 WL 2684140, at *1–
21 2 (S.D. Cal. June 5, 2018) (granting the plaintiff's motion for leave to file an amended complaint
22 after considering the motion and the defendants' non-opposition).

### IV.    ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The hearing set for October 8, 2025, is VACATED;

---

[2] In fact, Defendant was on notice of Plaintiff's anticipated amendment as early as June 17, 2025, upon the filing of the parties' joint schedule report, *see* Doc. 5 at 3–4. *See Brooke v. Patel*, No. 1:20-CV-00101-NONE-SKO, 2020 WL 4368500, at *3 (E.D. Cal. July 30, 2020) (no prejudice where the defendants "were aware that such an amendment was forthcoming and were thus in a position to plan for it and factor it into their defense of this case.").

    2.    Plaintiff's unopposed motion for leave to file a first amended complaint (Doc. 12) is GRANTED;

    3.    Plaintiff shall file her First Amended Complaint as proposed and attached to the motion (Exhibit B to the Declaration of Ali M. Sachani) within two (2) days from the date of this order; and

    4.    Defendant shall file a response to the First Amended Complaint within the time permitted by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **September 10, 2025**               /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE